UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DOMINICK MARIO CALAMONACI,                                  :
                                                            :
                        Plaintiff,                          :
                                                            :
            -v-                                             :
                                                            :
LASERSHIP, INC., LASER COURIER, INC.                        :
and STEVE PROVENZANO,                                       :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: July 29, 2015 |

15-cv-3402 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On June 19, 2015, defendants LaserShip Inc., Laser Courier, Inc. and Steve Provenzano moved to dismiss plaintiff Dominick Mario Calamonaci's Complaint, which alleges violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). In light of the forum selection clause and arbitration provision in the Independent Contractor Agreement (the "Agreement") governing the terms and conditions of plaintiff's business relationship with defendant Laser Courier, Inc., defendants argue that the Complaint should be dismissed either pursuant to the doctrine of forum non conveniens or because plaintiff's claims are subject to resolution exclusively in arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4.

For the reasons set forth below, defendants' motion is GRANTED and this case is DISMISSED.

I.       BACKGROUND

Plaintiff worked as a courier for the defendants' delivery service from May 2002 through September 2013.  (Compl. ¶¶ 16-17.)  Plaintiff alleges that he was misclassified as an independent contractor and should be treated as an employee.  (Id. ¶¶ 52-79.)  He further alleges that defendants owe him lost wages, overtime pay and other benefits pursuant to FLSA and NYLL because he worked in excess of 40 hours per week without overtime compensation or spread of hours compensation.  (Id.)

On July 19, 2013, plaintiff signed the Agreement which governed the terms and conditions of his business relationship with Laser Courier, Inc.  (See Independent Contractor Agreement, annexed to the Declaration of Felice B. Ekelman, Ex. B., ECF No. 14.)[1]  The Agreement set forth the following venue provision:

> 16. Choice of Forum. The parties agree that any legal proceedings between the parties arising from, in connection with, or relating to this Agreement . . . whether under federal, state, local, or foreign law, including arbitration proceedings discussed below, shall be brought exclusively in Vienna, Virginia or the nearest location in Virginia where such proceedings can be maintained.  Laser and contractor hereby consent to the jurisdiction and venue of such courts.

(Ekelman Decl., Ex. B ¶ 16.)

The Agreement also contained the following commitment to arbitrate any and all disputes relating to the parties' relationship:

---

[1] The explicit terms of the Agreement provide that LaserShip, Inc. and Steve Provenzano are third party beneficiaries to the terms of the Agreement.  (Ekelman Decl., Ex. B ¶ 19.)

2

> 17. <u>Dispute Resolution</u>.  All disputes, claims, and controversies arising under, out of, in connection with, or relating to this Agreement . . . and any disputes as to the rights and obligations of the parties, including the arbitrability of such disputes, shall be fully resolved by arbitration in accordance with the Federal Arbitration Act . . . and the Virginia Uniform Arbitration Act.

(Ekelman Decl., Ex. B ¶ 17.)

II.     DISCUSSION

The Agreement includes valid and enforceable forum selection and arbitration clauses wherein the parties agreed to resolve all disputes in Virginia and through arbitration.  Plaintiff signed the Agreement and initialed every page.  The Agreement easily meets the four factors for dismissing a claim based on a forum selection clause:

> We ask: (1) "whether the clause was reasonably communicated to the party resisting enforcement"; (2) whether the clause is "mandatory or permissive, i.e., ... whether the parties are required to bring any dispute to the designated forum or simply permitted to do so"; and (3) "whether the claims and parties involved in the suit are subject to the forum selection clause." . . . A party can overcome this presumption [of enforceability] only by (4) "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."

<u>Martinez v. Bloomberg</u>, 740 F.3d 211, 220 (2d Cir. 2014) (quoting <u>Phillips v. Audio Active Ltd.</u>, 494 F.3d 378 (2d Cir. 2007)).  First, the forum selection clause is stated in clear and unambiguous language, under its own section labelled "Choice of Forum."  Second, the forum selection clause is mandatory under the Agreement, not permissive.  Third, the forum selection clause encompasses "any legal proceedings between the parties", which is broad enough to include the claims in plaintiff's

Complaint.  Fourth, plaintiff cannot make a showing that enforceability would be unreasonable or unjust, or that the clause was invalid.[2]

Plaintiff argues that the Agreement is invalid as it was secured by duress. He premises the argument on the following allegations: Plaintiff was prohibited from taking the document home to read, review, or provide to an attorney. (Calamonaci Decl. ¶¶ 5, 7-8, ECF No. 15.)  He had to sign the fourteen-page document before he would be given any work, but his economic circumstances did not allow for missing work.  (Id. ¶¶ 4, 7.)  Plaintiff felt rushed and pressured to sign the Agreement without reading it.  (Id. ¶¶ 5, 7-8, 13.)  He did not read the Agreement or know about the provisions contained therein until after his termination.  (Id. ¶¶ 6-12.)

To void a contract based on duress, "the complaining party must show that its agreement was procured by means of (1) a wrongful threat that (2) precluded the exercise of free will." Interpharm, Inc. v. Wells Fargo Bank, Nat. Ass'n, 655 F.3d 136, 142 (2d Cir. 2011).  The facts here are insufficient to meet that burden.  The contention that plaintiff felt compelled to sign the Agreement because his economic circumstances did not allow him to miss work does not demonstrate an unlawful act on the part of defendants or the lack of free will.  When entering into an agreement,

> The weaker party often must enter into the bargain because of his economic circumstances, a disparity in bargaining power to his disadvantage, or some

---

[2] This Complaint is alternatively dismissed because the parties agreed to arbitrate their claims. This dispute falls within the broad arbitration clause in the Agreement and Congress has recognized that arbitration is to be encouraged in order to reduce the costs and delays associated with litigation.  See JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 171 (2d Cir. 2004); Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840, 844 (2d Cir. 1987); see also AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1749 (2011).

combination of the two.  Because an element of economic duress is thus present when many contracts are formed or releases given, the ability of a party to disown his obligations under a contract or release on that basis is reserved for extreme and extraordinary cases.  Otherwise, the stronger party to a contract or release would routinely be at risk of having its right under the contract or release challenged long after the instrument became effective.

VKK Corp. v. National Football League, 244 F.3d 114, 123 (2d Cir. 2001); see also Interpharm, 655 F.3d at 142 ("[A] mere demonstration of financial pressure or unequal bargaining power will not, by itself, establish economic duress."); Bus. Incentives Co. v. Sony Corp. of Am., 397 F. Supp. 63, 69 (S.D.N.Y. 1975) ("Mere hard bargaining positions, if lawful, and the press of financial circumstances, not caused by the defendant, will not be deemed duress.  The alleged duress must be proven to have been the result of the defendant's conduct and not of the plaintiffs own necessities.")  Plaintiff's subjective impressions regarding his economic state do not equate an economic threat by defendant precluding the exercise of free will.

III.   CONCLUSION

For the reasons stated above, defendants' motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 12 and terminate this action.

SO ORDERED.

Dated:    New York, New York
          July 29, 2015

_____
KATHERINE B. FORREST
United States District Judge

5